Derbigny, J.
delivered the opinion of the court. The plaintiff claims from the estate of William Talman, of which the defendant is curator, a balance due for freight of a quantity of Columbo root, shipped in May, 1817, on board the Governor Griswold, a vessel belonging to the plaintiff’s firm, bound from this port to Philadelphia.
The evidence shows that this merchandise being consigned to no particular person, the owners of the vessel kept it in store for about a year, and that receiving no instructions as to the disposal of it, and the freight remaining unpaid, they finally caused it to be sold, when the price of sale fell short of the amount of freight.
The defence set up against this action was the general issue ; and the plaintiff having supported his claim by sufficient evidence, there will be no difficulty in affirming the judgment of the district court, unless the defendant has succeeded in showing that the counter evidence, which he tendered below, was improperly rejected.
Livermore for the plaintiff, Morse for the defendant.
The first was the testimony of John W. Oddie, by which the defendant offered to prove that the contract of freight was made with said Oddie, and that the deceased had no interest in it. This was rejected on the ground that the bill of lading, expressing the shipment to be made by Torry and Talman, was in the hand writing of Talman himself ; and that against this instrument, no parol testimony could be admitted.
The second piece of evidence was for the purpose of showing that the freight of the Columbo, was not contracted for with the plaintiff, because the room between decks where it was stored, had been chartered by another person. This was rejected on the ground, that the defendant ought to have pleaded specially this different contract, and that under the issue, he could not show it in avoidance.
We think in both these positions, the district judge was correct.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.